# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



887

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. C. Slagle, Jr.,
Criminal District Attorney
Grayson County
Sherman, Texas

Dear Sir:

Opinion No. O-2397
Re: Employment of Attorney
by Common School District

This is in reply to your letter of May 20, 1940, requesting the opinion of this department as to the authority of the trustees of a common school district to employ counsel to represent the district in a controversy arising out of action taken by a municipality constituting an independent school district to embrace such common school district within its limits pursuant to Article 2804, Revised Civil Statutes, 1925, which reads as follows:

"Whenever the limits of any incorporated city or town constituting an independent school district are so extended or enlarged as to embrace the whole or any part of any independent or common school district adjacent to such incorporated city or town, that portion of such adjacent district so embraced within the corporate limits of such incorporated city or town shall thereafter become a part of the independent school district constituted by such incorporated city or town.

"If within the portion of such district so embraced there should be situated any real property belonging to such district, such city or town may acquire the same upon such terms as may be mutually agreed upon between the governing body of such city or town and the authorities of such district.

Honorable R. C. Stagle, Jr., Page 2.

"This article shall not apply where
it shall be determined at an election
held within such city or town by majority
vote of those voting thereon that the
territory or any portion thereof to be so
embraced shall not thereby become a part
of the independent school district con-
stituted by such city or town, but shall
be taken into the city limits for municipal
purposes only, and shall remain for school
purposes a portion of the adjacent independent
or common school district as though said city
limits had not been extended."

As this department held in opinion No. 0-2103,
the trustees of a common school district have legal
authority under certain circumstances to employ an attor-
ney to represent the district. The determinant as to the
existance of authority in any particular case is whether
or not the matter is one relating to school affairs where-
in the interests of the school are involved, as distinguish-
ed from the personal interests of the trustees. Arrington
v. Jones, (C.C.A. 1917), 191 S. W. 361; Harding et al v.
Raymondville Independent School District (C.C.A. 1932),
51 S. W. (2d) 826; Graves and Houtchens v. Diamond Hill
Independent School District (C.C.A. 1922), 243 S. W. 638;
Stewart v. Newton Independent School District (C.C.A. 1939),
134 S. W. (2d) 429; 24 R.C.L. 597; 37 Tex. Jur. 945. As
stated in the Arrington case:

"...It is provided that the trustees of
the school district, as a body corporate,
may contract and be contracted with, sue
or be sued, plead or be impleaded in any
court of this state of competent juris-
diction. Article 2822, Vernon's Sayles'
Statutes. And the trustees of the school
district shall have the management and
control of the public school of the dis-
trict. Articles 2825 and 2892, Vernon's
Sayles' Statutes. There is no authority
expressly given to trustees to employ an
attorney to bring a suit in behalf of
trustees against a teacher to cancel a
teaching contract. But having the power,
as trustees have by the terms of the
statute, to contract and to sue and be
sued in the courts, the authority on the

Honorable R. C. Stagle, Jr., Page 3

part of trustees to employ an attorney
to institute and prosecute an action in
their behalf would exist as a necessary
incident of the powers to contract and
to sue and to manage and control the
affairs and interest of the public school.
State v. Aven et al., 70 Ark. 291, 67 S.W.
752; 6 Thompson on Corp. (Ed. 1894) # 7361.
For the statute does not make it the duty
of the county or district attorney to
represent the trustees in legal proceedings
in which they are interested. Since the
trustees have, as we think, the power to
employ an attorney to represent them in
legal proceedings respecting school affairs,
the authority would exist to pay such attor-
ney reasonable compensation out of the
special maintenance school fund in the
management and control of the trustees.
Article 2772, Vernon's Sayles' Statutes...."

We believe it is clear that the affairs of a
school district are intimately involved in a controversy
arising out of steps taken under Article 2804, supra.,
by a municipality constituting an independent school dis-
trict. Moreover, the Legislature contemplated that
justiciable issues would arise. As stated by the Court
in Washington Heights Independent School District et al
v. City of Fort Worth (C.C.A. 1923), 251 S.W. 341, writ
dismissed, in interpreting Article 2815c, Complete Texas
Statutes 1920 (which Article is now the second paragraph
of Article 2804, Revised Civil Statutes, 1925);

"This provision evidently means to
authorize the adjustment of equities be-
tween the two authorities voluntarily as
they may agree, or by a judicial proceed-
ing if necessary. The fact that the Legis-
lature has authorized the authorities con-
cerned to make an agreed settlement of
equities or amount of compensation would
not deprive the parties, in the absence
of an agreement, from a judicial proceed-
ing to enforce adjustment of equities and
amount of compensation. Legislation there-
fore covers the point relative to the
situation existing, and the annexation in
no manner results in taking of property
without compensation." (Underscoring ours)

Honorable R. C. Stagle, Jr., Page 4.

      Consequently, it is the opinion of this department and you are respectfully advised that the trustees of a common school district may employ an attorney to represent the district in a controversy arising out of action taken by a municipality constituting an independent school district pursuant to Article 2804, Revised Civil Statutes, 1925. Such attorney may be paid out of the special maintenance fund in the management and control of the trustees.

                  Very truly yours,

               ATTORNEY GENERAL OF TEXAS

APPROVED MAY 31, 1940   By    Walter R. Koch
                                Assistant

FIRST ASSISTANT
ATTORNEY GENERAL
JDS:KD                By    James D. Smullen



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN